**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christerphor Ziglar,<br><br>   Plaintiff,<br><br>v.<br><br>United States Postal Service,<br><br>   Defendant. | No. CV-21-01223-PHX-GMS<br><br>**ORDER** |

  Pending before the Court is Defendant United States Postal Service's Motion to Dismiss for Lack of Jurisdiction/Failure to State a Claim (Doc. 25). For the reasons below, the motion is granted.

### BACKGROUND

  Plaintiff, Mr. Christerphor Ziglar, claims that the United States Postal Service violated his protected religious beliefs by refusing to serve him after he declined to wear a mask inside a federal building. (Doc. 1 at 4.) He claims that when he attempted to file a complaint about this violation, a "co-chair" named Tina Sweeney refused to give Plaintiff the name of the manager that discriminated against him. (*Id.*) Since then, Plaintiff claims he has faced harassment from postal carriers, including threats of harm. (*Id.*) Given these events, he seeks $100,000 in damages for emotional distress. (*Id.*)

  Plaintiff filed his Complaint on July 13, 2021. After that, the Court gave Plaintiff several warnings that he had not properly executed service under the Federal Rules of Civil

Procedure and granted several extensions so that he could execute proper service. (Docs. 5, 12, 15.) On January 12, 2022, the Court stayed the case until February 18, 2022, in light of a significant personal tragedy Plaintiff experienced. (Doc. 24.) Defendant subsequently filed the pending Motion to Dismiss under Federal Rules 12(b)(1) and 12(b)(6), including a proper notice of conferral. (Doc. 25.) Plaintiff filed no response.

## DISCUSSION

Because federal courts are courts of limited jurisdiction, a complaint is subject to dismissal where the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Whether a court has subject matter jurisdiction may be considered on a facial or factual basis. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Here, Defendant makes a facial attack by claiming that Plaintiff's suit must fail because the Postal Service is entitled to sovereign immunity, which deprives the Court of subject matter jurisdiction.

Suits against the United States and its agencies are barred by sovereign immunity unless permitted by an explicit waiver of immunity from suit. *FDIC v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The United States Postal Service, as an agency of the United States, is entitled to sovereign immunity. *FDIC*, 510 U.S. at 475; *United States v. Testan*, 424 U.S. 392 (1976) ("In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity."). By failing to respond, Plaintiff has not established that any statutory waiver of sovereign immunity is applicable. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("The party invoking the Court's jurisdiction bears the burden of proving the actual existence of subject matter jurisdiction."). And, in any event, Defendant has demonstrated that none is applicable under the relevant statute, 42 U.S.C § 2000a. *Friday v. United States*, No. 92-888-FR,

1993 U.S. Dist. LEXIS 6320, 1993 WL 165656, at *2 (D. Or. May 7, 1993), *aff'd*, 21 F.3d 1113 (9th Cir. 1994) (noting that the United States did not waive its immunity for constitutional torts such as discrimination in public accommodations under 42 U.S.C. § 2000a-2).

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 25) is granted.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 23rd day of March, 2023.

_____
G. Murray Snow
Chief United States District Judge